UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1797 CAS (PLAx) | | Date | March 9, 2012 |
|---|---|---|---|---|
| Title | FRANSISCO HERNANDEZ v. BODYCOTE THERMAL PROCESSING, INC., ET AL. | | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**  (In Chambers:) ORDER TO SHOW CAUSE REGARDING WHY ACTION SHOULD NOT BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION

## I.   INTRODUCTION & BACKGROUND

On January 18, 2011, plaintiff Francisco Hernandez filed the instant action in Los Angeles County Superior Court against Bodycote Thermal Processing, Inc. and Does 1–50, alleging: (1) disability discrimination-wrongful termination, (2) age discrimination-wrongful termination, and (3) retaliation in violation of Cal. Gov. Code §§ 12940 et seq.; (4) wrongful termination in violation of public policy; and (5) intentional infliction of emotional distress.  The gravamen of plaintiff's complaint is that defendant unlawfully terminated him on May 17, 2011, after a doctor restricted his work activity due to injury.  See Compl. ¶¶ 1–5.  The complaint is silent as to the amount-in-controversy.

Defendant filed a notice of removal on March 2, 2012, on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332(a).  Defendant asserts that jurisdiction is proper because complete diversity of citizenship exists and because plaintiff could potentially recover as much as $167,602.79 based on the types of damages he seeks.  Notice of Removal ¶ 23.

## II.   LEGAL STANDARD

Courts in the Ninth Circuit strictly construe the removal statute against removal jurisdiction.  Gaus v. Miles, 980 F.2d 564, 566 (9th Cir. 1992).  Removal founded on diversity requires that the parties be in complete diversity and that the amount-in-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1797 CAS (PLAx) | | Date | March 9, 2012 |
|---|---|---|---|---|
| Title | FRANSISCO HERNANDEZ v. BODYCOTE THERMAL PROCESSING, INC., ET AL. | | | |

controversy exceed $75,000.  See Matheson v. Progressive Speciality Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003); 28 U.S.C. § 1332(a)(1).  "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold" required for subject matter jurisdiction.[1]  Id.  Conclusory allegations are insufficient.  Id. at 1091.

---

[1] The 9th Circuit's requirement—that a removing party prove the amount in controversy by a preponderance of the evidence when the complaint is silent as to the amount sought—appears to have been recently reaffirmed by Congress.  Revised 28 U.S.C. § 1446(c), which came into effect January 6, 2012, now provides:

> (2) If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that–
>
> (A) the notice of removal may assert the amount in controversy if the initial pleading seeks–
> (i) nonmonetary relief; or
> (ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and
>
> (B) removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a).

The revised law thus requires defendants to prove the amount-in-controversy by a preponderance of the evidence in situations where a plaintiff's demanded amount is uncertain and is in accordance with Ninth Circuit law.  See Matheson, 319 F.3d at 1090.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1797 CAS (PLAx) | Date | March 9, 2012 |
|---|---|---|---|
| Title | FRANSISCO HERNANDEZ v. BODYCOTE THERMAL PROCESSING, INC., ET AL. | | |

## III.   DISCUSSION

Plaintiff does not specify the amount of damages he seeks to recover; instead, the complaint requests compensatory damages, including lost earnings and benefits, emotional distress damages, punitive damages, attorneys fees, and legal costs.  Prayer for Relief ¶¶ 1–5.

Defendant asserts that the amount in controversy is met because plaintiff's alleged lost wages and benefits already amount to $47,602.79.  Notice of Removal ¶ 23. Defendant further argues that if plaintiff is awarded all the damages he requests, he will recover at least $167,602.79.  Id.

The Court is unpersuaded that defendant has carried its burden of proving by a preponderance of the evidence that the amount-in-controversy exceeds $75,000.  See Matheson, 319 F.3d at 1090.  Although defendant provides evidence that it is possible that plaintiff's claims could exceed $75,000, defendant fails to demonstrate, using non-speculative evidence, that it is more likely than not that damages will exceed $75,000. Gaus, 980 F.2d at 567.  Accordingly, the Court cannot conclude by a preponderance of the evidence that the amount-in-controversy exceeds $75,000.  See id.; Matheson, 319 F.3d at 1090.

## IV.   CONCLUSION

Based on the foregoing, defendant is hereby ORDERED to SHOW CAUSE on or before March 29, 2012, why the instant action should not be remanded for lack of subject matter jurisdiction.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |